IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVAINA
PITTSBURGH DIVISION

| | |
|---|---|
| JUSTIN LAWRENCE, individually and on behalf of similarly situated individuals<br><br>Plaintiff<br><br>v.<br><br>SUN ENERGY SERVICES LLC d/b/a DEEP WELL SERVICES<br><br>Defendant | CIVIL ACTION NO. 2:23-cv-2155<br><br><br><br>CLASS ACTION COMPLAINT |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Justin Lawrence ("Plaintiff" or "Lawrence"), individually and on behalf of all others similarly situated, by and through his attorneys, bring this action against Defendant Sun Energy Services LLC d/b/a Deep Well Services ("Deep Well" or "Defendant") seeking unpaid wages, including overtime wages, and all other available relief under the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-19, et seq. ("NMMWA").

Based on personal knowledge of his own conduct and upon information and belief as to the conduct and acts of others, Plaintiff alleges as follows:

**I.      PARTIES**

**Plaintiff**

1.     Plaintiff is an adult resident of Texas. Plaintiff consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b). A Consent to Join form signed by Plaintiff is attached hereto as Exhibit A.

2.     At all relevant times, Defendant employed Plaintiff as an hourly non-exempt

1

Roughneck.

3.  Plaintiff and other similarly situated employees regularly worked more than 40 hours per workweek.

4.  Plaintiff and other similarly situated employees are covered within the meaning of the FLSA.

**Defendant**

5.  Defendant Sun Energy Services LLC d/b/a Deep Well Services ("Deep Well") is a Delaware Company doing business in multiple states. Upon information and belief, its principal place of business is located at 307 West New Castle Street, Zelienople, PA 16063. Defendant may be served through their registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620 Austin, TX 78701, or wherever they may be found.

6.  At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r); and an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

7.  At all relevant times, Plaintiff and similarly situated individuals were Defendant's "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e).

8.  Defendant applies the same employment policies, practices, and procedures to all the FLSA Plaintiffs.

## II.   JURISDICTION AND VENUE

9.  This Court has subject matter jurisdiction over the claims in this complaint pursuant to 28 U.S.C. § 1332(d) because Plaintiff brings this action on behalf of himself and all

other similarly situated individuals pursuant to 29 U.S.C. §216(b).

10. At all times material to this Complaint, Defendant had employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

11. Defendant's gross annual sales volume was in excess of $500,000.00 per annum at all times material hereto.

12. At all times material to this Complaint, Defendant was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. § 203(s).

13. This case raises a federal question under 29 U.S.C. § 216(b), giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

14. The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367, because the state law claims are so related to the federal question claims that they form part of the same case or controversy.

15. Plaintiff's state law claims are not novel or complex. 28 U.S.C. § 1367(c)(1).

16. Plaintiff's state law claims do not predominate over their federal question claims. 28 U.S.C. § 1367(c)(2).

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b)(1) because Defendant conducts substantial business and is headquartered in this District.

### III.  APPLICABLE STATE LAW

18. The "New Mexico Wage Laws" refers to the New Mexico Minimum Wage Act ("NMMWA"), NMSA § 50-4-19, et seq.

### IV.  FACTUAL ALLEGATIONS

19. Defendant employed Lawrence and each member of the FLSA Plaintiffs.

20. Defendant is a "Hydraulic Completion Unit (HCU) and workover company specializing in high-pressure, long-lateral, and multi-well completions." https://deepwellservices.com/wp-content/uploads/2023/08/DWS-2023-SERVICES-BROCHURE-compressed.pdf (last visited 12/27/23)

21. Defendant provides Hydraulic Completion Services to customers throughout the United States.

22. At all relevant times, Defendant employed Plaintiff to perform the manual tasks associated with its projects.

23. At all relevant times, Defendant employed the FLSA Plaintiffs to perform the manual tasks associated with its hydraulic completion projects.

24. At all relevant times, Plaintiff typically worked at least forty (40) hours per workweek.

25. At all relevant times, the FLSA Plaintiffs typically worked at least forty (40) hours per workweek.

**Facts regarding FLSA claims on Travel Time**

26. At all relevant times, Plaintiff was required to travel to and from remote jobsites during his normal work hours to work on Defendant's hydraulic completion projects in various states. These remote jobsites could be located hundreds of miles away from Plaintiff's home communities.

27. At all relevant times, the FLSA Plaintiffs were required to travel to and from remote jobsites during their normal work hours to work on Defendant's hydraulic completion projects in various states. These remote jobsites could be located hundreds of miles away from the FLSA

Plaintiffs' home communities.

28. Plaintiff was required to stay overnight at these remote jobsites.

29. The Collective Members were required to stay overnight at these remote jobsites.

30. Defendant paid for Plaintiff's lodging for overnight jobs only on days that Plaintiff worked. Defendant did not pay for Plaintiff's lodging for non-working days.

31. Defendant paid for the FLSA Plaintiffs' lodging for overnight jobs only on days that they FLSA Plaintiffs worked. Defendant did not pay for the FLSA Plaintiffs' lodging on non-working days.

32. Deep Well would schedule Plaintiff and the FLSA Plaintiffs to work out of town in four-week-long assignments called a "Hitch".

33. The average duration of each hitch is 28 days.

34. At the end of the hitch, Plaintiff and the FLSA Plaintiffs would spend one (1) travel day to drive back to their hometown. They would then get twelve (14) days off. After that, Plaintiff and the FLSA Plaintiffs would spend that day driving to the next out-of-town assignment.

35. Defendant paid Plaintiff and the FLSA Plaintiffs on an hourly basis.

36. FLSA Plaintiffs were required to report to job sites to perform Defendant's well operations for companies in various states. These job sites were frequently located hundreds of miles away from FLSA Plaintiffs' home communities.

37. FLSA Plaintiffs typically work at least forty (40) hours per workweek. FLSA Plaintiffs typically worked multiple day shifts away from their home communities. Because the worksites were away from their home communities, FLSA Plaintiffs typically stayed overnight in man camps during the scheduled work shifts.

38. FLSA Plaintiffs spent most of the day before and after their shifts driving hundreds

of miles to and from the job sites. This travel cut across FLSA Plaintiffs normal working hours during both regular working days and non-working days.

**Facts regarding FLSA and NMMWA claims based on the regular rate.**

39. Deep Well pays the Plaintiffs and FLSA Plaintiffs a fixed amount as fuel reimbursement for their out-of-town business travel.

40. The fixed fuel reimbursement does not reflect the actual cost of fuel that the Plaintiffs and FLSA Plaintiffs spent traveling from their hometown to their out-of-town job locations.

41. Deep Well does not keep track of the fuel cost incurred by the Plaintiffs and FLSA Plaintiffs.

42. Deep well did not require Plaintiff and FLSA Plaintiffs to turn in receipts for fuel purchases in order to receive fuel reimbursement.

43. At all relevant times, Defendant has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

44. Defendant employed Lawrence and each member of the FLSA Plaintiffs.

45. Defendant's pay policy denied Plaintiff and the FLSA Plaintiffs overtime compensation at a rate based on all remuneration received as required by the FLSA and NMMWA.

46. Defendant's failure to pay Lawrence and the FLSA Plaintiffs overtime at rates not less than one and one-half times their proper regular rate violates 29 U.S.C. § 207.

47. The FLSA and NMMWA and its implementing regulations require that the regular rate of pay include fuel reimbursement in calculating Plaintiffs' and FLSA Plaintiffs regular rate of pay for purposes of overtime.

48. Defendants' company-wide policy of failing to include per diem in calculating

Plaintiffs' and FLSA Plaintiffs regular rate of pay for purposes of calculating overtime violated the FLSA and NMMWA and was done knowingly and in bad faith, rendering Defendants liable to Plaintiffs and FLSA Plaintiffs for unpaid overtime compensation, liquidated damages, attorneys' fees, expenses, interest, costs, and all other appropriate relief.

49. The members of the FLSA and NMMWA Class are all entitled to overtime after 40 hours in a week, and the overtime they are entitled to must be calculated in a manner consistent with the regular rate requirements of the FLSA. 29 U.S.C. § 216(b).

50. The members of the New Mexico Class are all entitled to overtime after 40 hours in a week, and the overtime they are entitled to must be calculated in a manner consistent with the regular rate requirements of the New Mexico Wage Laws.

51. The foregoing conduct constitutes a willful violation of the FLSA and NMMWA. Due to Defendant's FLSA violations, Lawrence and the FLSA Plaintiffs are entitled to recover from Defendant their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

**Facts regarding FLSA claims based on Off-the-Clock Work.**

52. Deep Well did not pay the Plaintiff and the FLSA Plaintiffs for attending pre-shift safety meetings required by the customers.

53. Deep Well only counted the hours Lawrence and the FLSA Plaintiffs for the first 14 hours they worked at the job site each day but did not count any hours they worked in excess of 14 hours a day.

54. Defendant Deep Well provided Hydraulic Completion Service to fracking companies in multiple states. Defendant employed Plaintiff and the FLSA Plaintiffs to work for them from Texas to Pennsylvania including New Mexico.

55. At all relevant times, Defendant employed Plaintiff and similarly situated individuals as non-exempt FLSA Plaintiffs.

56. FLSA Plaintiffs performed the manual tasks associated with Defendant's onsite hydraulic completion services.

57. The identity of all the FLSA Plaintiffs is unknown at this time but is known to the Defendant and is contained in Defendant's records.

58. Defendant did not count time spent traveling as hours worked for purposes of determining overtime eligibility. Consequently, Defendant failed to pay proper wages, including overtime wages to Plaintiff and other similarly situated individuals.

59. At all material times, Defendant willfully deprived the FLSA Plaintiffs of proper wages, including overtime wages.

60. Defendant knew that the FLSA Plaintiffs were working overtime hours and hours for which they were not compensated at an overtime rate when they traveled to job sites.

61. The exact amount of compensation, including overtime compensation that Defendant has failed to pay Plaintiff and other similarly situated individuals are unknown at this time.

62. The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records.

63. Defendant did not make, keep or preserve accurate records of the hours worked by Plaintiff and similarly situated individuals.

64. Defendant unlawful conduct has been widespread, repeated, and consistent.

65. Defendant conduct was willful and in bad faith and has caused significant damage to Plaintiff and similarly situated individuals.

66. Plaintiff worked for Defendant in Texas and New Mexico.

67. Deep Well requires the hourly employees in the Snub and Rig department like Plaintiff, Greenhat, Leadhand, Roughneck, and/or Snubbing Operator to drive the company's light pickup trucks (like Ram 1500s) each week he was scheduled to work.

68. Deep Well provided Plaintiff and similarly situated workers with company issued light pickup trucks to drive during the Relevant Time Period had a GVWR of 10,000 pounds or less.

69. Plaintiff did not and was not expected to drive any vehicles that had a GVWR of over 10,000 pounds across state lines. Like Plaintiff, the FLSA Plaintiffs employed with Deep Well did not and were not expected to drive vehicles that had a GVWR of over 10,000 pounds across state lines.

70. The Motor Carrier Exemption from overtime pay does not apply to any workers who, in any workweek, drive a motor vehicle less than 10,001 lbs. Gross Vehicle Weight (GVW).

71. Plaintiffs and the other similarly situated workers in New Mexico and other states where Defendants conduct business, regularly drive vehicles of less than 10,001 lbs. GVW, and are entitled to overtime compensation in any week in which they drive vehicles less than 10,001 lbs. GVW.

72. In addition, Plaintiffs and the other similarly situated workers in New Mexico and other states where Defendants conduct business who do not drive any motor vehicle in interstate commerce during the course of their duties are likewise non-exempt, and are entitled to overtime compensation.

73. Some of the Plaintiffs and the other similarly situated workers in New Mexico and other states where Defendants conduct business in fact do not drive any motor vehicles in interstate

commerce.

## V. FIRST CAUSE OF ACTION - FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA (Travel Time Out of Town Business Trip)

*(On Behalf of Plaintiff and the FLSA Collective Class Members)*

74. Plaintiff, on behalf of himself and the FLSA Plaintiffs, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

75. The FLSA requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of 40 hours per workweek. 29 U.S.C. § 207.

76. Pursuant to the FLSA, when an employee is required to travel away from his or her home community to a place that requires an overnight stay, the travel time during the employee's normal working hours – on both working and non-working days – is compensable and must be counted as hours worked. *See* 29 C.F.R. § 785.39.

77. As employees of Defendant, Plaintiff and the FLSA Plaintiffs traveled during their normal work hours to and from remote jobsites that required an overnight stay.

78. Pursuant to a companywide policy and practice, Defendant failed to pay Plaintiff and the FLSA Plaintiffs for the time the spent traveling during their normal work hours to and from remote jobsites that required an overnight stay. This policy and practice resulted in Plaintiff and the FLSA Plaintiffs not being paid all of their overtime compensation in violation of the FLSA.

79. In addition, pursuant to a companywide policy and practice, Defendant failed to count as hours worked the time Plaintiff and the FLSA Plaintiffs spent traveling during their normal work hours to and from remote jobsites that required an overnight stay. This policy and practice resulted in Plaintiff and the FLSA Plaintiffs not being paid all of their overtime compensation in violation of the FLSA.

80. Defendant knew that it was required to pay Plaintiff and the FLSA Plaintiffs for all

hours worked over forty in any workweek, including hours spent traveling away from their home communities during normal working hours to remote jobsites in which an overnight stay was required.

81. In spite of such knowledge, Defendant willfully withheld and failed to pay the overtime wages to which Plaintiff and the FLSA Plaintiffs are entitled.

82. Defendant knew, or showed reckless disregard for the fact, that it failed to compensate Plaintiff and the FLSA Plaintiffs proper overtime wages.

83. Defendant's actions, policies, and practices described herein violate the FLSA's overtime pay provisions by regularly and repeatedly failing to compensate Plaintiff and the FLSA Plaintiffs at the required overtime rate for all overtime hours worked, and by systematically failing to maintain records of hours worked.

84. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Plaintiffs have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Plaintiffs seek damages in the amount of their unpaid overtime wages, liquidated damages, interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

## VI. SECOND CAUSE OF ACTION: OFF THE CLOCK

85. Plaintiff repeats and re alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

86. Plaintiffs assert this claim on behalf of all FLSA Plaintiffs employed by Defendant to recover monetary damages owed by Defendant to Plaintiffs and the FLSA Plaintiffs for unpaid overtime compensation for all the hours they worked in excess of forty (40) per week.

87. Plaintiffs bring this action on behalf of themselves and all other similarly situated

employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

88. 29 U.S.C. § 207 requires employers to pay employees one and one half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207.

89. Defendant failed to pay Plaintiffs and the FLSA Plaintiffs at a rate of one- and one-half times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto.

90. Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the proposed class is properly defined as follows:

> "All hourly employees, employed by Sun Energy Services LLC d/b/a Deep Well Services within three years of the filing of the lawsuit in the following positions: Greenhat, Leadhand, Roughneck, and/or Snubbing Operator."

91. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

92. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, pre judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

93. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

### VII. THIRD CAUSE OF ACTION: (REGULAR RATE) UNPAID OVERTIME UNDER THE FLSA

*On Behalf of Plaintiff and the Regular Rate FLSA Plaintiffs*

94. Plaintiff hereby repeats, reiterates, and incorporates by reference each of the foregoing allegations with the same force and effect as if set forth herein.

95. At all times relevant to this action, Plaintiff and other similarly situated employees (collectively "FLSA Plaintiffs" for purposes of this count) were employed by Defendant.

96. Defendant violated the FLSA by failing to pay Plaintiffs for all overtime hours worked at one and one-half times the regular rate for all hours worked in excess of forty hours in a workweek.

97. Specifically, the FLSA requires that employees are paid one and one-half times their "regular rate" of pay. The "regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109.

98. Defendant knew that it was required to pay FLSA Plaintiffs for all hours worked, including hours spent traveling away from their home communities to job sites.

99. Defendant improperly reduced its employees' regular rate when calculating overtime by wrongfully excluding certain forms of compensation, including $200 travel reimbursement.

100. In so doing, Defendant failed to properly compensate FLSA Plaintiffs for overtime worked pursuant to the FLSA.

101. Defendant is not eligible for any FLSA exemption excusing their failure to pay overtime.

102. FLSA Plaintiffs are victims of a uniform, company-wide compensation policy.

103. FLSA Plaintiffs are entitled to damages equal to the mandated overtime premium

pay within the three years preceding their joining this action, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA.

104. Defendant have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, FLSA Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did act with good faith and reasonable grounds in failing to pay overtime pay, FLSA Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. FOURTH CAUSE OF ACTION: VIOLATION OF NEW MEXICO STATE OVERTIME STATUTES

*On Behalf of Plaintiff and the New Mexico Unpaid Overtime Class*

105. Plaintiff hereby repeats, reiterates, and incorporates by reference each of the foregoing allegations with the same force and effect as if set forth herein.

106. At all times relevant to this action, Plaintiff and other similarly situated employees (collectively "New Mexico Plaintiffs" for purposes of this count) were employed by Defendant.

107. Defendant's course of conduct described herein violated the various overtime statutes of New Mexico by improperly excluding from its employees' regular rate certain forms of compensation, including fuel reimbursement, thereby resulting in unpaid overtime owed to New Mexico Plaintiffs.

108. Defendant maintains a uniform, company-wide policy and practice of miscalculating the overtime rate of New Mexico Plaintiffs, failing to pay New Mexico Plaintiffs for all hours worked, stand by time and out of town travel, and said policy is willful in nature and not the result of a good faith mistake.

109. Defendant's failure to pay overtime to its employees is in violation of the New Mexico – N.M. Stat. Ann. § 50–4–22 *et seq.* such that a common violation may be established on a class-wide basis.

### IX.   NEW MEXICO CLASS ACTION ALLEGATIONS

110. <u>New Mexico Class Definitions</u>: Plaintiff brings this action individually and on behalf of other similarly situated individuals. Pursuant to Federal Rules of Civil Procedure 23(b)(3), 23(b)(2), and/or 23(c)(4), Plaintiff seeks certification of the foregoing classes and subclasses, defined as follows:

> <u>New Mexico State Law Class</u>: All hourly employees Deep Well employed as a Greenhat, Leadhand, Roughneck, and/or Snubbing Operator to work at a wellsite location in **New Mexico** who worked more than 40 hours in a workweek and whose regular rate of pay did not include the "per diem", "bonus", "paid travel", "travel reimbursement" (or their equivalents by any other name), or attended unpaid safety meetings, or were not paid for out of own drive time, or all hours worked in excess of 40 hours in a workweek.

111. Excluded from the Class are the Court and its officers, employees, and relatives; Defendant and its subsidiaries, officers, and directors; and governmental entities.

112. <u>Numerosity</u>: the Class consists of members so numerous and geographically dispersed that joinder of all members is impracticable, as Defendant employ hundreds of similarly situated individuals across the United States.

113. All members of the Class are ascertainable by reference to objective criteria, as Defendant has access to addresses and other contact information for Class members that can be used for notice purposes.

114. <u>Common Questions of Law and Fact Predominate</u>: There are many questions of law and fact common to Plaintiff and the Class, and those questions substantially predominate over any questions that may affect individual members of the Class. Common questions include:

       a. Did Defendant's conduct violate state wage payment statutes?

115. <u>Typicality</u>: Plaintiff's claims are typical of other members of the Class because all of the claims arise from the same course of conduct by Defendant, failure include the "per diem", "bonus", "paid travel", "travel reimbursement" (or their equivalents by any other name) in the regular rate of pay when the Class members worked more than 40 hours in a workweek and whose, or failing to not paid the class members for out of own drive time, or all hours worked in excess of 40 hours in a workweek.

116. <u>Adequacy of Representation</u>: Plaintiff is an adequate class representative because his interests do not conflict with the interests of the Class members whom he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex and class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of Class members and have the financial resources to do so. The Class members' interests will be fairly and adequately protected by Plaintiff and his counsel.

117. <u>Superiority of Class Action</u>: Class treatment is superior to individual treatment, as it will permit a large number of similarly situated persons to prosecute their respective class claims in a single forum, simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and expense that numerous individual actions would produce.

118. To the extent not all issues or claims, including the amount of damages, can be resolved on a class-wide basis, Plaintiff invokes Federal Rule of Civil Procedure 23(c)(4), reserving the right to seek certification of a class action with respect to particular issues, and Federal Rule of Civil Procedure 23(c)(5), reserving the right to divide the class into subclasses.

### X.    COLLECTIVE ACTION ALLEGATIONS

119. Plaintiff, on behalf of himself and other similarly situated individuals, re-alleges,

and incorporate by reference the above paragraphs as if fully set forth herein.

120. Because these employees are similarly situated to Plaintiff and are owed overtime for the same reasons, the proposed class is properly defined as follows:

> "All hourly employees, employed by Sun Energy Services LLC d/b/a Deep Well Services within three years of the filing of the lawsuit in the following positions: Greenhat, Leadhand, Roughneck, and/or Snubbing Operator."

121. The illegal pay practices Defendant imposed on Mr. Lawrence were likewise imposed on the FLSA Plaintiffs.

122. The Defendant imposed a uniform practice or policy on Mr. Lawrence and the FLSA Plaintiffs regardless of any individualized factors. They all worked over 40 hours a week. Any unpaid business travel to and from their hitch would result in unpaid overtime.

123. Mr. Lawrence's experiences are therefore typical of the experiences of the FLSA Plaintiffs.

124. The specific job titles or precise job locations of the various FLSA Plaintiffs do not prevent class or collective treatment.

125. Mr. Lawrence has no interest contrary to, or in conflict with, the other FLSA Plaintiffs. Like each member of the proposed classes, Mr. Lawrence has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

126. Plaintiff is similarly situated to the FLSA Plaintiffs and will prosecute this action vigorously on their behalf.

127. During the relevant time period, Plaintiff and the FLSA Plaintiffs routinely spent time traveling away from home to Defendant's job sites. Plaintiff and the FLSA Plaintiffs were not compensated for their travel time at an overtime rate, even when such travel resulted in a workweek in excess of 40 hours.

128. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint in ways including, but not limited to, failing to pay Plaintiff and the FLSA Plaintiffs proper compensation, including overtime compensation, for their travel time.

129. Defendant conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

130. Plaintiff Justin Lawrence, individually and on behalf of all others similarly situated, seeks relief on a collective basis challenging Defendant's above-described FLSA violations. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

## XI.   EQUITABLE TOLLING

131. Plaintiffs repeat and re allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

132. The applicable statute of limitations for Plaintiffs FLSA cause of action on behalf of themselves and all others similarly situated should be tolled because strict application of the statute of limitations would be inequitable.

133. Defendant, as an employer with a duty to comply with the FLSA and the means to do so, was and has been at all relevant times in a far superior position than Plaintiff s or members of the proposed class to understand the FLSA and apply it appropriately, and Defendant should not be permitted to benefit from this imbalance of power by the passage of time.

134. Further, FLSA regulations require that all employers display posters advising employees of their overtime pay rights. 29 C.F.R. § 516.4.

135. An employer's failure to post required FLSA notices regarding overtime provisions can toll the statute of limitations. *United States v. Sabhnani*, 566 F. Supp. 2d 139 (E.D.N.Y. 2008); *Henchy v. City of Absecon,* 148 F. Supp. 2d 435, 439 (D.N.J. 2001); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Penn. 1984).

136. Defendant failed to post all appropriate notices regarding the FLSA.

137. The Third Circuit has observed that "[e]quitable tolling, if available, can rescue a claim otherwise barred as untimely by a statute of limitations when a plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances."42 Such circumstances often, although not exclusively, occur: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009).

## XII.   REQUEST FOR RELIEF

Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court enter judgment in their favor and against Defendant as follows:

A. That the Court certify the part of this action filed under New Mexico Minimum Wage Act as a class action, proper and maintainable pursuant to Rule 23 of the Federal Rules of Civil Procedure; declare that Plaintiff is a proper class representative, and appoint Plaintiff's counsel as Class Counsel;

B. Certification of this action as a collective action under the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all members of the FLSA Plaintiffs;

C. That the Court award Plaintiff and the Class or Subclass(es) (FLSA Plaintiffs and

New Mexico Plaintiffs) compensatory, consequential, general, nominal, and statutory (along with any other damages available at law) to the extent permitted by law and in an amount to be determined at trial;

D. That the Court issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;

E. That the Court award Plaintiff and all similarly situated employees' damages for unpaid overtime wages under 29 U.S.C. § 216(b);

F. That the Court award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

G. That the Court award to Plaintiff the costs and disbursements of the action, along with reasonable attorneys' fees, costs, and expenses as provided by law;

H. That the Court award pre-and post-judgment interest at the maximum legal rate; and

I. That the Court grant all such other relief as it deems just and proper.

Respectfully submitted,

**TRAN LAW FIRM**

*/s/ Trang Q. Tran*
TRANG Q. TRAN
Pennsylvania Federal I.D: 00795787
2101 City West Blvd., Suite 100
Houston, Texas 77042
Ph.: (713) 223 – 8855
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFFS,
individually and on behalf of similarly
situated individuals**