IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN LAWRENCE, *individually and on behalf of similarly situated individuals*,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SUN ENERGY SERVICES LLC, *d/b/a* DEEP WELL SERVICES,<br><br>　　　　　Defendant. | 2:23-CV-2155-CCW |

## <u>OPINION AND ORDER APPROVING CONDITIONAL CERTIFICATION OF AN FLSA COLLECTIVE</u>

Before the Court is Plaintiff Justin Lawrence's Motion for Conditional Certification and Court-Facilitated Notice, seeking conditional certification of a collective pursuant to the Fair Labor Standards Act ("FLSA").[1]  *See* ECF No. 35.  For the reasons set forth below, Mr. Lawrence's Motion will be GRANTED IN PART, such that the Court will conditionally certify an FLSA collective action and authorize notice, and will be DENIED IN PART, such that this collective action will be limited to the narrower definition the parties have agreed-upon.

## I.　　Legal Standard

Under the FLSA, an action may be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  Although conceptually similar to a class action brought pursuant to Federal Rule of Civil Procedure 23—in that it provides a mechanism for litigants to gather a number of individual claims

---

[1] This Court has jurisdiction over this matter as the FLSA claim raises a federal question pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367.

into a single action—a collective action under Section 216(b) differs from a Rule 23 class action in a number of important ways. *See Halle v. West Penn Allegheny Health Sys.*, 842 F.3d 215, 223 (3d Cir. 2016) (noting that although courts have borrowed "procedures, concepts, and nomenclature from the Rule 23 class action context . . . there remain important differences between a Rule 23 class action and a collective action"). Thus, because no "procedural rules [have] been promulgated to guide courts and parties in processing collective actions," many courts (including our Court of Appeals) have adopted a two-step procedure for determining whether an FLSA lawsuit may proceed as a collective action. *Id.* at 223–24.

At step one—which is the current posture of this case—a named plaintiff moves for what is known as "conditional certification." *Id.* at 224. "The 'sole consequence' of conditional certification is the dissemination of court-approved notice to potential collective action members." *Id.* (quoting *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013)). This is, therefore, "not a true certification, but rather an exercise of a district court's discretionary authority to oversee and facilitate the notice process." *Id.* (citing *Zavala v. Wal-Mart Stores Inc.,* 691 F.3d 527, 536 (3d Cir. 2012)). At this initial stage, "district courts have broad discretion in directing notice to potential opt-in plaintiffs." *Bellan v. Cap. BlueCross*, 496 F. Supp. 3d 854, 860 (M.D. Pa. 2020) (citing *Hoffman-La-Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

The bar for obtaining conditional certification is not a high one;  rather, plaintiff must "make a 'modest factual showing'—something beyond mere speculation—to demonstrate a factual nexus between the manner in which the employer's alleged policy affected him or her and the manner in which it affected the proposed collective action members." *Halle*, 842 F.3d at 224 (quoting *Zavala*, 691 F.3d at 536 n.4). At the conditional certification stage, the district court must determine "whether 'similarly situated' plaintiffs do in fact exist," *Zavala*, 691 F.3d at 536 n.4

(quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)), and then the ultimate determination as to whether such opt-in plaintiffs are, in fact, "similarly situated" is reserved for the final certification/decertification stage, *Halle*, 842 F.3d at 226.

## II.    Discussion

Mr. Lawrence's Motion originally sought conditional certification of a broad collective. ECF No. 35.  Defendant's Response indicated that it did not oppose the approval of a narrower collective.  ECF No. 37.  The Court then directed Mr. Lawrence to file a reply addressing Defendant's narrower proposed definition.  ECF No. 38.  Mr. Lawrence's Reply indicated that he "agrees and adopts Defendant's definition of the FLSA Collective."  ECF No. 39 at 2. Accordingly, Mr. Lawrence now seeks conditional certification of the following agreed-upon collective:

> Current and former employees of Sun Energy Services LLC d/b/a Deep Well Services ("Deep Well") who have worked in the United States as a Greenhat, Leadhand, Roughneck, or Snubbing Operator from (date of Notice) to the present and were not paid for out of town travel, were not paid for the time spent attending pre-shift safety meetings, or who did not have the amount of any quarterly bonus included in the calculation of their regular rate of pay in determining their overtime rate of pay.

*Id.*[2]

Mr. Lawrence asserts that the putative members of the collective are all, in essence, field workers, who are primarily responsible for ensuring that shale gas wells are controlled.  ECF No. 36 at 1.  He further contends that the putative collective members are subject to uniform decisions, policies, procedures, and initiatives, including with respect to job requirements and pay provisions. *Id.* at 1–2.  Specifically, Mr. Lawrence asserts that the putative collective members "represent the

---

[2] The Court notes that Defendant's definition of the collective which Mr. Lawrence expressly adopted in his Reply at ECF No. 39 differs from the definition Mr. Lawrence submitted in the proposed Notice attached as an exhibit at ECF No. 39-1.  The Court considers the definition of the collective expressly adopted by Mr. Lawrence in his Reply to be the one upon which the parties agree.

Field Workers of a typical Deep Well crew," with uniform job duties and job requirements, who "worked well in excess of forty hours each week" and "will collectively advance identical claims that Deep Well did not pay them for out-of-town travel, attending pre-shift meetings, or include[] the quarterly safety bonus in the regular rate or overtime," such that they were not paid in conformance with the FLSA. *Id.* at 8. Defendant responded that to ensure substantial similarity of the any collective members who may opt into the suit, the collective should be limited to "the particular pay practices claimed to be unlawful in the First Amended Complaint, and distinguished from any other of a range of lawful pay practices not at issue in this case." ECF No. 37 at 3. Mr. Lawrence then agreed to Defendant's narrower definition of the collective. ECF No. 39 at 2.

The Court is satisfied that Mr. Lawrence and the members of the proposed, agreed-upon collective are similarly situated, given the lenient standard set forth above. Therefore, the Court ORDERS that this case is conditionally certified as a collective action under 29 U.S.C. § 216(b) and will proceed as such until further order of the Court. The collective action shall consist of the following:[3]

> Current and former employees of Sun Energy Services LLC d/b/a Deep Well Services ("Deep Well") who have worked in the United States as a Greenhat, Leadhand, Roughneck, or Snubbing Operator from [*date certain three years prior to date of Notice*] to the present and were not paid for out of town travel, were not paid for the time spent attending pre-shift safety meetings, or who did not have the amount of any quarterly bonus included in the calculation of their regular rate of pay in determining their overtime rate of pay.

In addition, the Court will authorize notice to these individuals with certain modifications, outlined below, to Mr. Lawrence's proposed Notice and Consent forms.

---

[3] The Court has slightly modified the parties' agreed-upon definition of the collective to clarify the parties' understanding that "the timeframe for the Notice period for potential opt-ins may stretch back three years from the Notice date." ECF No. 37 at 4 n.4; *see also* ECF No. 39-1 (addressing former employees employed "at any time during the last three years").

A.     **Exercising its Discretion, the Court Will Overrule in Part and Sustain in Part Defendant's Objections to Plaintiff's Proposed Notice and Consent Forms**

The parties have narrowed, but not eliminated, their disputes regarding the content of the Notice that will be provided to putative members of the collective.  *See* ECF Nos. 39, 39-1 (Plaintiff's Reply; Proposed Notice clean version and in track changes).  As a backdrop, it is well-established that specifics regarding the manner and implementation of notice are within the discretion of the district court.  *Sperling v. Hoffman-La-Roche Inc.*, 862 F.2d 439, 447 (3d Cir. 1988), *aff'd and remanded sub nom Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989).  Exercising this discretion, the Court will issue an accompanying Notice and Consent forms to be sent to putative members consistent with the Court's reasoning below.  The accompanying Notice and Consent forms also resolve the remaining disagreements between the parties as to the content of the Notice and Consent forms identified by Mr. Lawrence in his Reply.  ECF No. 39.

First, the parties dispute a sentence in the "What happens if I join" section of the notice, regarding collective members' obligations to assist counsel, participate in discovery, and/or testify at trial if they opt-in.  Mr. Lawrence originally proposed a sentence on this topic, but now wishes to remove it completely following Defendant's additions.  ECF No. 39 at 3 (Plaintiff's original version with Defendant's additions in track changes).  After conditional certification, "the parties conduct certification-related discovery" to determine "whether the opt-ins are 'similarly situated' to the named plaintiffs."  *Halle*, 842 F.3d at 225–26.  Thus, putative members should be informed that they may be subjected to some discovery, and possibly be required to testify at trial.  The fact that discovery may ultimately be limited to a "representative sample of opt-in plaintiffs" does not obviate the appropriateness of this advisement.  However, some of Defendant's additions, are overly specific or may unduly chill participation by opt-ins.  Accordingly, the Court has balanced both sides' proposals and will include the following sentence:  "While this lawsuit is proceeding,

you may be required to assist the lawyers representing Plaintiffs, and may be required to participate in discovery or a trial, including answering written questions, producing documents, participating in a deposition, and/or testifying."  In addition, as requested by Defendant, the Court will require the notice to include defense counsel's contact information.  *See, e.g.*, *Weinmann v. Contract Land Staff*, No. 22-1140, 2023 WL 3881394, *7 (W.D. Pa. June 8, 2023) (Wiegand, J.);  *Thomas v. Walmart, Inc.*, No. 18-4717, 2019 WL 7041809, at *4 (E.D. Pa. Dec. 19, 2019) (doing same).

The parties' next dispute involves whether Plaintiff should be permitted to include a hyperlink within the Notice, to the actual consent form, so that opt-ins may click on the link to join the collective.  Defendant's objection to this embedded link appeared to be based on the fact that the link contained an error in the web address.  Mr. Lawrence now avers that the error has been resolved.  The Court finds that it is reasonable to include the link in the Notice.  *See Weinmann*, 2023 WL 3881394, at *8–11 (approving a Notice with a hyperlink).

Finally, Defendant requests inclusion of information regarding potential costs that may be awarded to Defendant, and against Plaintiffs, if Defendant prevails.  Mr. Lawrence opposes this language.  On balance, the Court finds that the inclusion of this language is appropriate given "the real possibility that at least some opt-in Plaintiffs could be responsible for certain court costs." *Dunkel v. Warrior Energy Servs., Inc.*, 304 F.R.D. 193, 207 (W.D. Pa. 2014) (Hornak, then-J., now C.J.) (collecting cases and allowing the inclusion of language substantially similar to that proposed by Defendant).

## III.    Conclusion

For the foregoing reasons, Ms. Lawrence's Motion for Conditional Certification and Court-Facilitated Notice, ECF No. 35, is hereby GRANTED IN PART, such that the Court has conditionally certified a collective action and authorized notice in the form attached to this Opinion

and Order, and DENIED IN PART, such that the collective action is limited to the narrower definition the parties have agreed upon.

IT IS HEREBY ORDERED that the following proposed collective shall be conditionally certified pursuant to 29 U.S.C. § 216(b):

> Current and former employees of Sun Energy Services LLC d/b/a Deep Well Services ("Deep Well") who have worked in the United States as a Greenhat, Leadhand, Roughneck, or Snubbing Operator from [*date certain three years prior to date of Notice*] to the present and were not paid for out of town travel, were not paid for the time spent attending pre-shift safety meetings, or who did not have the amount of any quarterly bonus included in the calculation of their regular rate of pay in determining their overtime rate of pay.

IT IS FURTHER ORDERED that Mr. Lawrence is authorized to send the Notice and Consent forms that the Court is attaching to this Opinion and Order.

DATED this 15th day of October, 2024.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record